

Office of the New York State
Attorney General

Letitia James
Attorney General

October 24, 2025

By ECF
Hon. Mae A. D'Agostino
U.S. District Court
Northern District of New York

Re:   *Brougham Fund I Trust, et al. v. State of New York*
      No: 1:25-CV-01304 (MAD/MJK)

Dear Judge D'Agostino:

This Office represents Defendant State of New York, in the above-referenced action. I write pursuant to Rule 2(A)(i) of Your Honor's Individual Rules and Practices to set forth the grounds that the Defendant intends to raise in its anticipated motion to dismiss Plaintiff's Complaint. Dkt. No. 1.

Plaintiff is a Delaware trust "engaged in the business of owning, acquiring, and enforcing mortgage loans secured by real property in the State of New York." *Id.* at ¶ 7. Plaintiff, on behalf of a putative class of similarly situated entities holding New York mortgages, alleges that the State of New York violated the Takings Clause, the Contracts Clause, and the Due Process Clause of the United States Constitution by enacting the New York Foreclosure Abuse Prevention Act ("FAPA"). *See generally id.* Specifically, Plaintiff alleges that FAPA "retroactively altered the statute of limitations applicable to mortgage foreclosure actions in a way that rendered thousands of mortgages legally unenforceable, thereby depriving Plaintiff and similarly situated lenders and investors of their vested

contractual rights and secured interests in real property without just compensation." *Id.* at ¶ 2. Plaintiff seeks: (1) a declaration that the retroactive application of FAPA constitutes an unconstitutional taking; and (2) award just compensation to Plaintiffs and the putative class for the taking of their alleged property interests. *Id.,* "Prayer for Relief."

Defendant intends to move to dismiss the Complaint because it is barred by the Eleventh Amendment doctrine of sovereign immunity, under which the State of New York is immune from suit in federal court. The Eleventh Amendment precludes suits against a state unless the state expressly waives its immunity or Congress abrogates that immunity. *See CSX Transp., Inc. v. N.Y. State Off. of Real Prop. Servs.*, 306 F.3d 87, 94-95 (2d Cir. 2002). Furthermore, Eleventh Amendment immunity "extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). The State's sovereign immunity also extends to claims, like those made here, seeking a judicial declaration against the State that it violated federal law. *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146, 113 S. Ct. 684, 688 (1993)(explaining that "suits against the States and their agencies . . . are barred regardless of the relief sought.")

Here, the Complaint asserts claims against the State for monetary and declaratory relief. These claims are barred by sovereign immunity. Therefore, the Complaint must be dismissed. Defendant requests the Court's leave to file a motion to dismiss, and can be available to participate in a pre-motion conference should the Court find that one is necessary.

Thank you for your attention to this matter.

Sincerely,

*s/ Ryan W. Hickey*
Ryan W. Hickey
Assistant Attorney General
Ryan.Hickey@ag.ny.gov


cc: Counsel of record (Via ECF)