

Steven K. Eisenberg ˣ⁽ᵉ⁾*ᵒ

ˣ Admitted to practice in PA
* Admitted to practice in NJ
ᵒ Admitted to practice in NY
⁽ᵉ⁾ Admitted to practice in MD, WV, VA & DC

seisenberg@sterneisenberg.com

*www.sterneisenberg.com*

1581 Main Street, 2nd Floor
Warrington, PA 18976
(215) 572-8111
Facsimile: (215) 572-5025

20 Commerce Drive, Suite 230
Cranford, NJ 07016
(516) 630-0288
Facsimile: (732) 726-8719

Offices in Newark, DE
Mt. Laurel, NJ and Lagrange, NY

October 27, 2025

**BY ELECTRONIC FILING (ECF)**
Honorable Mae A. D'Agostino
United States District Court for the
Northern District of New York

     Re:         Brougham Fund I Trust, et. al. v. State of New York
                    No: 1:25-CV-01304 (MAD/MJK)

Dear Judge D'Agostino,

     I write on behalf of Plaintiff in response to Defendant, State of New York's, request for

permission to file a motion to dismiss regarding the current complaint before this Court.

     Plaintiff has cognizable claims as a result of New York's improper taking of substantial

contractual rights without just compensation. See *Bldg. & Realty Inst. of Westchester & Putman Cntys.,*

*Inc. v. New York*, 2024 U.S. App. LEXIS 5905, 11, 2024 WL 1061142, 11 (2d Cir. 2024). While the

Eleventh Amendment may inhibit certain litigation against the State, the immunities are not absolute.

See *CSX Transp., Inc. v. N.Y. State Off. Of Real Prop. Servs.*, 306 F.3d 97, 95 (2d Cir. 2002). The

Eleventh Amendment does not insulate the State's agents and instrumentalities that act effectively as

arms of the state from liability under 42 U.S.C. §1983, et. seq., for violations of constitutionally

protected rights. See *Island Park, LLC v. CSX Transp., Inc.*, 2007 U.S. Dist. LEXIS 46608 (DNY 2007); citing to, *Woods v. Rondout Valley Cent. Sch. Dist. Bd. Of Educ.*, 466 F.3d 232 (2d. Cir. 2006). Plaintiff recognizes that its claims must include and name those state agents acting on behalf of the State who effectuated the taking and deprivation of the Plaintiff's rights under the United States Constitution.

Plaintiff intends to amend its complaint to clarify the Constitutional claims being brought in conjunction with 42 U.S.C. §1981, et. seq., as well as more specifically identify the state actors engaging in the conduct and actions undertaken in violation of the Constitution of the United States, which conduct is actionable under what is commonly known as a 1983 action.

To the extent the Court allows the filing of the motion to dismiss by the Defendant, Plaintiff intends to respond by filing an amended complaint as is permitted under F.R.C.P. 15(a)(1). Plaintiff believes the filing of an amended complaint should be allowed before the Court considers a motion to dismiss by a Defendant. Plaintiff is available for a pre-motion conference should the Court find that one is necessary.

Sincerely,
/s/ Steven K. Eisenberg
Steven K. Eisenberg, Esquire
Counsel for Plaintiff

Cc: Counsel of Record (via ECF)