UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

BROUGHAM FUND I TRUST, BY ITS TRUSTEE, WILMINGTON SAVINGS FUND SOCIETY, FSB, d/b/a CHRISTIANA TRUST, solely in its capacity as Trustee, Individually, and on Behalf of All Others Similarly Situated,

*Plaintiffs*,

-against-

STATE OF NEW YORK, by and through KATHY HOCHUL, in her official capacity as GOVERNOR and by and through JAMES SANDERS, JR., in his official capacity as LEGISLATOR/SENATOR on behalf of all others similarly situated and, THE STATE OF NEW YORK,

*Defendants*.

1:25-CV-1304

(MAD)(MJK)

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

      LETITIA JAMES
      Attorney General
      State of New York
        *Attorney for Defendants*
      The Capitol
      Albany, New York 12224

Ryan W. Hickey
Assistant Attorney General, of Counsel
Bar Roll No. 519020

      Date: January 9, 2026

**Table of Contents**

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ........................................................................................................... 2

ARGUMENT .................................................................................................................................. 5

POINT I .......................................................................................................................................... 5

    THE AMENDED COMPLIANT IS BARRED BY THE DOCRTINE OF
    SOVEREIGN IMMUNITY ..................................................................................... 5

POINT II ........................................................................................................................................ 7

    PLAINTIFF'S CLAIMS AGAINST SENATOR SANDERS ARE BARRED BY
    THE DOCTRINE OF LEGISLATIVE IMMUNITY ........................................... 7

POINT III ....................................................................................................................................... 8

    THE STATE OF NEW YORK MAY NOT BE NAMED AS A DEFENDANT IN
    A SECTION 1983 ACTION .................................................................................... 8

POINT IV ....................................................................................................................................... 9

    THE AMENDED COMPLAINT FAILS TO STATE A CLAIM UNDER THE
    TAKINGS CLAUSE OR THE CONTRACT CLAUSE ...................................... 9

CONCLUSION ............................................................................................................................ 13

Defendants the State of New York, Kathy Hochul, in her official capacity as Governor of the State of New York, and James Sanders Jr., in his official capacity as a New York State Senator, respectfully submit this memorandum of law in support of their motion to dismiss the Amended Complaint (Dkt. No. 18), pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction, and for failure to state a claim upon which relief can be granted.

## PRELIMINARY STATEMENT

Plaintiff Brougham Trust Fund I brings this 42 U.S.C. § 1983 ("Section 1983") action, on behalf of a putative class of similarly situated mortgage holders, seeking equitable relief and damages for alleged violations of its constitutional rights arising out of the requirements for mortgage foreclosure actions under New York's Foreclosure Abuse Prevention Act (FAPA). Dkt. No. 18. Plaintiff alleges that FAPA violates its rights under the Takings Clause of the Fifth Amendment, and the Contracts Clause of Article I, Section 10, by retroactively altering the manner in which the statute of limitations for mortgage foreclosure actions is calculated. *Id.* Plaintiff seeks declaratory relief, injunctive relief, and money damages as "just compensation" for the alleged unlawful interference with its interest in enforcing mortgage contracts in foreclosure proceedings. *Id.*

This action must be dismissed in its entirety for several reasons. First, the defendants have sovereign immunity from Plaintiff's claims for money damages, as well as its claims for declaratory and injunctive relief, which are retrospective in nature. Second, all claims against Senator Sanders must be dismissed under the doctrine of legislative immunity. Third, the State of New York must be dismissed from this action because it is not a proper defendant in Section 1983 actions. Finally, even if each defendant was not otherwise immune from suit, the Amended

1

Complaint fails to state a claim for relief under the Takings Clause or Contracts clause. Accordingly, the Amended Complaint should be dismissed in its entirety, and with prejudice.

## STATEMENT OF FACTS

    A. *New York Enacts FAPA*

In December 2022, New York enacted FAPA. Dkt. No. 18 at ¶ 30. FAPA was a reaction to the New York Court of Appeals' decision in *Freedom Mortgage Corporation v. Engel* concerning the calculation of the statute of limitations for mortgage foreclosure actions. *Freedom Mortg. Corp. v. Engel*, 37 N.Y.3d 1 (2021). In *Engel*, the Court of Appeals held that a voluntary dismissal of a foreclosure action constitutes a revocation (or "de-acceleration") of mortgage lenders "acceleration" of a defaulted mortgage loan. *Id.* at 32. "Residential mortgage loan agreements commonly contain an acceleration clause triggered if the borrower defaults on the loan. An acceleration clause gives the holder of the borrower's promissory note the right, in the event of the borrower's default, to demand the borrower's immediate payment of the entire outstanding loan balance." *Van Dyke v. U.S. Bank, Nat'l Ass'n*, 2025 N.Y. LEXIS 1943, at *2 (2025). The Court of Appeals held in *Engel* that a when a mortgage note holder de-accelerates a loan, the six year limitations period for a mortgage foreclosure action resets such that if the borrower defaulted again, the noteholder could re-accelerate the loan, causing "a new foreclosure claim on th[e entire] outstanding debt . . . [to] accrue with a [new] six-year limitations period." *Engel*, 37 N.Y.3d at 28.

In response to *Engel*, citing concerns about the flurry of attempts to reopen mortgage foreclosure actions that were previously dismissed on statute of limitations grounds, New York enacted FAPA. FAPA expressly overrules *Engel* by defining the manner in which the statute of limitations for foreclosure actions may be calculated. Specifically, under section 4 of FAPA, "[o]nce a cause of action . . . has accrued" under, as relevant here, a residential mortgage loan

2

agreement, "no party may, in form or effect, unilaterally waive, postpone, cancel, toll, revive, or reset the accrual thereof, or otherwise purport to effect a unilateral extension of the limitations period prescribed by law . . . , unless expressly prescribed by statute" L 2022, ch 821, § 4 (codified at CPLR 203(h)). Further, under section 8, "[i]n any action on," as relevant here, a residential mortgage loan agreement, "the voluntary discontinuance of such action, whether on motion, order, stipulation or by notice, shall not, in force or effect, waive, postpone, cancel, toll, extend, revive or reset the limitations period . . . , unless expressly prescribed by statute." *Id*. at § 8 (codified at CPLR 3217 (e)).

Section 7 of FAPA estops a noteholder in a successive foreclosure action from challenging the validity of a loan acceleration made "prior to, or by way of commencement of" a prior foreclosure action, unless the court in the prior action expressly determined, based on a timely raised defense, that the acceleration was invalid. As relevant here, the statute provides:

> In any action seeking cancellation and discharge of record of [among other things, a residential mortgage], a defendant shall be estopped from asserting that the period allowed by the applicable statute of limitation for the commencement of an action upon the instrument has not expired because the instrument was not validly accelerated prior to, or by way of commencement of a prior action, unless the prior action was dismissed based on an expressed judicial determination, made upon a timely interposed defense, that the instrument was not validly accelerated." (*id.* § 7, codified at CPLR 213 [4] [b]).

Finally, section 10 sets forth FAPA's effective date. It provides that FAPA "shall take effect immediately and shall apply to all actions commenced on [as relevant here, a residential mortgage loan agreement,] in which a final judgment of foreclosure and sale has not been enforced."

B. *Recent New York Court of Appeals Decisions Upholding the Retroactive Application of FAPA*

The New York Court of Appeals recently held in two separate cases that FAPA's amendments concerning the statute of limitations have retroactive effect. *See Van Dyke v. U.S. Bank, Nat'l Ass'n*, 2025 N.Y. LEXIS 1943 (2025); *Article 13 LLC v. Ponce De Leon Fed. Bank*, 2025 N.Y. LEXIS 1948 (2025). First, in *Article 13 LLC*, the Court of Appeals, in response to a certified question from the Second Circuit arising out of a quiet title action, held that Section 7 FAPA applies retroactively. *Article 13 LLC*, 2025 N.Y. LEXIS, at *10-11. Relying on the express language of Section 10 of FAPA, the Court held that "for all foreclosure actions as to which a final foreclosure sale had not been enforced prior to its effective date, including actions pending at the time of its effective date, FAPA unequivocally applies." *Id.* The Court of Appeals also highlighted several rational purposes for retroactive application of FAPA, including preventing abusive litigation practices by mortgage lenders that could result in otherwise time barred foreclosure proceedings continuing *ad infinitum*, and relieving the burden on New York courts of adjudicating stale foreclosure litigation. *Id.* at *21.

Concurrently, in *Van Dyke*, the Court of Appeals addressed whether Sections 4, 7, and 8 of FAPA apply retroactively. *Van Dyke*, 2025 N.Y. LEXIS, at *9-10. Relying in the same reasoning as it did in *Article 13 LLC*, including the Legislature's express intent for retroactive application in section 10, the Court held that Sections 4, 7, and 8 of FAPA apply retroactively. *Id.* The Court of Appeals also rejected the claim, made again by Plaintiff in the instant action, that retroactive application of FAPA violates the Contract Clause of the United States Constitution. *Id.* at *17-18.

4

# ARGUMENT

## POINT I

### THE AMENDED COMPLIANT IS BARRED BY THE DOCRTINE OF SOVEREIGN IMMUNITY

The Amended Complaint must be dismissed because it is barred by the Eleventh Amendment doctrine of sovereign immunity. All defendants have sovereign immunity from Plaintiffs' claims for monetary damages, as well as its claims for declaratory and injunctive relief.

   A.  *Immunity from Claims for Monetary Damages*

Plaintiff's request for money damages is barred by sovereign immunity. The Eleventh Amendment provides immunity to states and state agencies "from suits brought by private parties in federal court." *In re Charter Oak Assocs.*, 361 F.3d 760, 765 (2d Cir. 2004) (citing *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996)). Sovereign immunity extends to "state officials sued for damages in their official capacity." *Minotti v. Lensink*, 798 F.2d 607, 609 (2d Cir. 1986) (citing *Kentucky v. Graham*, 473 U.S. 159 (1985)). The Takings Clause of the United States Constitution does not abrogate a state's sovereign immunity under the Eleventh Amendment. *74 Pinehurst LLC v. New York*, 59 F.4th 557, 570 (2d Cir. 2023)

The Amended Complaint seeks an award of money damages against the State of New York and two of its officials Governor Kathy Hochul and Senator James Sanders, Jr for alleged actions in their official capacities. Dkt. No. 18. Such claims are barred by the Eleventh Amendment and must be dismissed.

   B.  *Immunity from Claims for Declaratory and Injunctive Relief*

Plaintiff's requests for declaratory and injunctive relief are similarly barred by sovereign immunity because they are retrospective in nature and therefore not subject to the exception for prospective relief contained in *Ex parte Young*. *See Ex parte Young*, 209 U.S. 123, (1908) (holding

5

that under the Eleventh Amendment suits for prospective relief against an individual acting in his official capacity may be brought to end an ongoing violation of a federal law). However, "the Supreme Court has declined to extend the reasoning of Ex [p]arte Young to claims for retrospective relief." *Ward v. Thomas*, 207 F.3d 114, 119 (2d Cir. 2000). "The line between prospective and retrospective relief is drawn because remedies designed to end a continuing violation of federal law are necessary to vindicate the federal interest in assuring the supremacy of that law, whereas compensatory or deterrence interests are insufficient to overcome the dictates of the Eleventh Amendment." *Id.*

First, Plaintiff seeks a declaration that "retroactive application of Chapter 821 of the Laws of 2022 constitutes an unconstitutional taking without just compensation." *Id.*, Wherefore Clause. Plaintiff seeks such a declaration because it believes that, by retroactively changing the statute of limitations for mortgage foreclosures, FAPA stripped away its property rights the Takings Clause and Contract Clause for mortgages held in its portfolio. However, this is exactly the sort of declaration of a past legal wrong that is not subject to the *Ex parte Young* exception. Plaintiff is barred from seeking such a declaration by the Eleventh Amendment.

Similarly, Plaintiff's request for injunctive relief to restore its ability to pursue untimely mortgage foreclosure proceedings is retrospective in nature, and thus barred by the Eleventh Amendment. *Ex parte Young* permits only claims for prospective injunctive relief to remedy alleged ongoing violations of federal law. *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (explaining that *Ex parte Young* "applies only to prospective relief, [and] does not permit judgments against state officers declaring that they violated federal law in the past").

6

Here, the alleged "taking" of Plaintiff's financial interests in its mortgage holdings already occurred in that FAPA changed the statute of limitations for foreclosure proceedings, thereby preventing Plaintiff from initiating (or recommencing) such proceedings. Although Plaintiff does not specify the nature of the injunctive relief it seeks, it is clear that any such relief would be retrospective in nature by reviving its ability to pursue foreclosure proceedings under FAPA. This sort of injunction falls well outside the limits of the *Ex parte Young* exception, and is therefore barred by sovereign immunity.

## POINT II

### PLAINTIFF'S CLAIMS AGAINST SENATOR SANDERS ARE BARRED BY THE DOCTRINE OF LEGISLATIVE IMMUNITY

Plaintiff alleges that Senator James Sanders Jr. should be held liable for violating its constitutional rights because Senator Sanders "introduced and sponsored FAPA" in the New York State Legislature. Dkt. No. 18 at ¶¶ 27-29. This claim must be dismissed because it is barred by the doctrine of legislative immunity.

"Legislative immunity shields an official from liability if the act in question was undertaken in the sphere of legitimate legislative activity." *Almonte v. City of Long Beach*, 478 F.3d 100, 106 (2d Cir. 2007) (internal quotation marks and citation omitted). "A defendant is entitled to legislative immunity if the defendant (1) was acting in his or her 'legislative' capacity under the test articulated in *Bogan* [*v. Scott-Harris*, 523 U.S. 44, 118 S. Ct. 966, 140 L. Ed. 2d 79 (1998)], and (2) the grant of the requested relief would enjoin the defendant in his or her performance of legislative functions." *Ass'n of Jewish Camp Operators v. Cuomo*, 470 F. Supp. 3d 197, 212 (N.D.N.Y. 2020). Courts apply a two-part test to determine whether a defendant's actions were taken within the "sphere of legitimate legislative activity." *Rowland*, 494 F.3d at 89 (quoting *Bogan*, 523 U.S. at 54). The first prong of the test is "whether the defendant's actions

7

were legislative in form, i.e., whether they were integral steps in the legislative process." *Jewish Camp*, 470 F. Supp. 3d at 213 (internal quotation marks and citation omitted); *see State Emples. Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 90 (2d Cir. 2007). (explaining that legislative in form means "passed by means of established legislative procedures" (citations omitted)). The second prong of the test is whether the defendant's "actions were legislative in substance, i.e., whether the actions bore all the hallmarks of traditional legislation, including whether they reflected discretionary, policymaking decisions implicating the budgetary priorities of the government and the services the government provides to its constituents." *Id*. (internal quotation marks and citation omitted). Legislative immunity applies both to claims for money damages and claims for equitable relief. *See Rowland*, 494 F.3d at 82.

Here, Senator Sanders' alleged actions (i.e., the introduction and sponsorship of FAPA in the Senate) satisfy all the requirements for legislative immunity. There is no doubt that the introduction and sponsorship of legislation in the Senate are legislative acts in both form and substance. Plaintiff's claims against Senator Sanders are therefore barred by legislative immunity and must be dismissed.

## POINT III

### THE STATE OF NEW YORK MAY NOT BE NAMED AS A DEFENDANT IN A SECTION 1983 ACTION

The State of New York must be dismissed as a defendant in this action because it is not a proper defendant in actions under 42 U.S.C. § 1983. The Court also lacks subject matter jurisdiction because neither the State of New York nor any department thereof is a "person" amenable to suit under Section 1983. Section 1983 states, in pertinent part, that "[e]very *person* who . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

8

Constitution and laws, shall be liable to the party injured in an action at law . . . ." 42 U.S.C. § 1983 (emphasis added). The State is not a "person" amenable to suit under 42 U.S.C. § 1983. *Will v Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989)( "[A] State is not a person within the meaning of § 1983.").

The Amended Complaint is brought under 42 U.S.C. § 1983. Dkt. No. 18. The State of New York is named as a separate defendant based upon its alleged role in enacting and enforcing FAPA. *Id.* at ¶ 12. However, the State of New York is not a "person" within the meaning of Section 1983 and therefore cannot be named as distinct party in this action for any form of relief. Accordingly, the Court should dismiss all claims against the State of New York.

## POINT IV

### THE AMENDED COMPLAINT FAILS TO STATE A CLAIM UNDER THE TAKINGS CLAUSE OR THE CONTRACT CLAUSE

The Amended Complaint raises three causes of action which, in sum and substance, assert essentially the same argument: that the retroactive application of FAPA's statute of limitations for mortgage foreclosure proceedings interfered with Plaintiff's alleged property rights under its mortgage holdings. Dkt. No. 18. The Amended Compliant invokes the Takings Clause of the Fifth Amendment and the Contracts Clause of Article I, Section 10 of the United States Constitution. The Amended Complaint should be dismissed because it does not state a claim for relief under either of these constitutional provisions.

Plaintiff alleges that the retroactive application of FAPA amounts to an unconstitutional taking in violation of the Takings Clause of the Fifth Amendment. Dkt. No. 18 at ¶¶ 64-81. Plaintiff is incorrect. The Takings Clause of the Fifth Amendment provides that no "private property shall be taken for public use, without just compensation." U.S. Const. amend. V. The

clause applies to the states through the Fourteenth Amendment. *See Kelo v. New London*, 545 U.S. 469 (2005).[1]

The law recognizes two types of takings: physical takings and regulatory takings. *See Meriden Trust & Safe Deposit Co. v. FDIC*, 62 F.3d 449, 454 (2d Cir. 1995). Physical takings occur when the government physically takes possession of an interest in property for some public purpose. *Tahoe-Sierra Pres. Council v. Tahoe Reg'l Planning Agency*, 535 U.S. 302, 321 (2002). A regulatory taking, by contrast, involves "a regulatory scheme [that] may result in a compensable taking without a physical invasion where the regulatory scheme goes "too far." *Meriden Trust & Safe Deposit Co.,* 62 F.3d at 454.

The Amended Complaint does not state a claim under the Takings Clause. First, FAPA's alleged interference with Plaintiff's contractual interest in enforcement of mortgage loans does not involve any sort of physical taking by the government. Instead, the Amended Complaint concerns Plaintiff's objection to the effect that FAPA's retroactivity has on their ability to bring mortgage foreclosure actions which the Legislature has now deemed untimely. This alleged interference with Plaintiff's interests under the mortgage contracts is not the sort of taking of physical property that comes within the meaning of the Takings Clause.

---

[1] The Amended Complaint also makes a passing reference to the Due Process Clause, but it is unclear whether Plaintiff intends this as an independent cause of action. *See, e.g.,* Dkt. No. 18 at ¶ 98. To the extent Plaintiff attempts to raise an independent claim under the Due Process clause, it fails as a matter of law because the Due Process Clause may not be used to assert a claim of an unlawful taking. As the Second Circuit explained in *Community Housing Improvement Program v. City of New York*, "the Due Process Clause cannot 'do the work of the Takings Clause' because 'where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" *Cmty. Hous. Improvement Program v. City of N.Y.*, 59 F.4th 540, 556-57 (2d Cir. 2023)(quoting *Stop the Beach Renourishment, Inc. v. Fla. Dep't of Envtl. Prot.*, 560 U.S. 702, 720-21).

Nor does the retroactive application of FAPA amount to a regulatory taking. To determine whether a regulatory taking occurred, courts examine three factors, including: (1) "the economic impact of the regulation on the claimant"; (2) "the extent to which the regulation has interfered with distinct investment-backed expectations"; and (3) "the character of the governmental action." *Penn Central Transportation Co. v. New York City*, 438 U.S. 104, 124 (1978). However, where an interference with property rights "arises from a public program that adjusts the benefits and burdens of economic life to promote the common good . . . [it] does not constitute a taking requiring Government compensation." *Id.*

As the New York Court of Appeals explained in *Van Dyke*, any impairment of Plaintiff's interests "reasonably and appropriately furthers the significant and legitimate public purposes that motivated FAPA's enactment." *Van Dyke v. U.S. Bank, Nat'l Ass'n*, 2025 N.Y. LEXIS 1943, at *17 (2025). In particular, FAPA is "sensibly tailored to the specific litigation practices that the legislature saw fit to curb via FAPA's enactment: they narrowly bar successive, collateral challenges to certain prior loan accelerations and curtail noteholders' ability to unilaterally reset the limitations period to foreclose." *Id.* Finally, FAPA's provisions "operate in the highly regulated landscape of mortgage foreclosure litigation—an area long wrought with competing interests and complex policy judgments and in which the allocation of economic benefits and burdens has always been subject to adjustment." *Id.* (internal citation and quotation omitted).

Plaintiff also alleges that the retroactive application of FAPA's statute of limitations violates the Contracts Clause by impairing its right to enforce repayment of mortgage debt through foreclosure. Dkt. No. 18 at ¶¶ 82-94. The Contract Clause provides that no state shall pass any law "impairing the Obligation of Contracts." U.S. Const. art. 1, § 10. The Contract Clause does not trump the police power of a state to protect the general welfare of its citizens, a power which

11

is "paramount to any rights under contracts between individuals." *Buffalo Teachers Fed'n v. Tobe*, 464 F.3d 362, 367 (2d Cir. 2006)(internal quotations and citations omitted).

To evaluate Contract Clause claims, courts examine: (1) whether the law at issue has "operated as a substantial impairment of a contractual relationship"; (2) whether the legislation has "a significant and legitimate public purpose . . . such as the remedying of a broad and general social or economic problem"; and (3) whether the adjustment of the rights and responsibilities of contracting parties is based upon reasonable conditions and is of a character appropriate to the public purpose justifying the legislation's adoption. *See Energy Rsrvs. Grp., Inc. v. Kansas Power & Light Co.*, 459 U.S. 400, 411-12 (1983).

Here, for the same reasons that it cannot make out a regulatory taking claim, Plaintiff also cannot establish a claim under the Contract Clause. As explained above, FAPA advances a significant and legitimate public purpose by addressing abusive litigation practices in mortgage foreclosure actions. This is why, in *Van Dyke*, the Court of Appeals specifically rejected the argument that FAPA infringes on mortgage noteholders' rights under the Contract Clause. The Amended Complaint presents no factual or legal basis to depart from this holding.

Accordingly, Plaintiff's Contract Clause claims fails as a matter of law and must be dismissed.

## CONCLUSION

For the reasons discussed above, the Amended Complaint should be dismissed in its entirety and with prejudice.

Dated: Albany, New York
January 9, 2026

                                              LETITIA JAMES
Attorney General
State of New York
    *Attorney for Defendants*
The Capitol
Albany, New York  12224

By: *s/ Ryan W. Hickey*
Ryan W. Hickey
Assistant Attorney General
Bar Roll No. 519020
Telephone:  (518) 776-2616
Fax: (518) 915-7738 (Not for service of papers)
Email: Ryan.Hickey@ag.ny.gov

TO:    Counsel of record (*Via ECF*)

13