**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**BROUGHAM FUND I TRUST,**

**Plaintiff,**

**vs.** **1:25-CV-1304 (MAD/MJK)**

**STATE OF NEW YORK, KATHY HOCHUL, and JAMES SANDERS, JR.,**

**Defendants.**

---

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **STERN & EISENBERG, PC**<br>1581 Main Street, Suite 200<br>Warrington, Pennsylvania 18976<br>Attorneys for Plaintiff | **JESSICA N. MANIS, ESQ.**<br>**STEVEN K. EISENBERG, ESQ.** |
| **HLADICK, ONORATO & FEDERMAN, LLP**<br>298 Wissahickon Avenue<br>North Wales, Pennsylvania 19454<br>Attorney for Plaintiff | **STEPHEN M. HLADIK, ESQ.** |
| **JASPAN SCHLESINGER NARENDRAN LLP**<br>300 Garden City Plaza, Suite 500<br>Garden City, New York 10530<br>Attorney for Plaintiff | **JONATHAN ROMAN, ESQ.** |
| **HON. LETITIA JAMES**<br>New York State Attorney General<br>The Capitol<br>Albany, New York 12224<br>Attorney for Defendants | **RYAN W. HICKEY, AAG.** |

**Mae A. D'Agostino, U.S. District Judge:**

# MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

On September 16, 2025, Plaintiff Brougham Fund I Trust, by its Trustee, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, solely in its capacity as Trustee, individually and on behalf of all others similarly situated, commenced this class action against the State of New York. Dkt. No. 1 ("Complaint"). On November 24, 2025, Plaintiff filed an Amended Complaint against the State of New York, Kathy Hochul, in her official capacity as Governor ("Governor Hochul"), and James Sanders, Jr., in his official capacity as Legislator/Senator and on behalf of all others similarly situated ("Senator Sanders")(collectively, "Defendants"). Dkt. No. 18 ("Amended Complaint"). Pursuant to 42 U.S.C. § 1983, Plaintiff brings claims under the Takings Clause of the Fifth and Fourteenth Amendments, as well as the Contracts Clause of the United States Constitution. *See id.* ¶ 1.

Currently before the Court is Defendants' motion to dismiss brought pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. No. 33 ("Motion"). For the reasons set forth below, Defendants' Motion is granted.

## II. BACKGROUND

The following facts are drawn from the Amended Complaint and are assumed to be true for purposes of ruling on this Motion, except where otherwise noted.

Plaintiff is a Delaware trust "engaged in the business of originating, acquiring, and enforcing mortgage loans secured by real property in the State of New York." Am. Compl. ¶ 9. On November 11, 2016, Plaintiff was assigned a mortgage, secured by real property, by predecessor-in-interest mortgagee Residential Mortgage Solution LLC ("RMS"). *Id.* ¶¶ 15, 17. This assignment occurred following RMS's acceleration of the mortgage in 2011 and initiation of foreclosure proceedings on the mortgage on October 10, 2014, in the Supreme Court of New York in the County of Queens. *Id.* ¶¶ 15–16.

On May 3, 2022, the New York legislature passed the Foreclosure Abuse Prevention Act ("FAPA"), which was introduced and sponsored by Senator Sanders. *Id.* ¶ 27. Governor Hochul signed FAPA into law on December 30, 2022. *Id.* ¶ 30. Among other things, FAPA imposed certain new restrictions on a mortgagee's ability to recommence foreclosure actions. *Id.* ¶ 31.

On May 22, 2023, Plaintiff filed a motion for summary judgment in foreclosure. *Id.* ¶ 26. However, on October 3, 2023, the state court “"found that there was not strict compliance with mailing of the initial foreclosure notice," and dismissed the foreclosure proceeding. *Id.* ¶ 39. Accordingly, under FAPA and New York's six-year foreclosure statute of limitations, Plaintiff was unable to cure the defect and recommence the foreclosure action. *Id.* ¶¶ 16, 39–40.

Through FAPA, Plaintiff alleges that Defendants "depriv[ed] Plaintiff and similarly situated lenders and investors of their vested contractual rights and secured interests in real property without just compensation." *Id.* ¶ 2. Plaintiff alleges that "[t]his deprivation constitutes an uncompensated taking of property in violation of the Takings Clause of the Fifth Amendment, made applicable to the states through the Fourteenth Amendment." *Id.* ¶ 77. Plaintiff also alleges that "FAPA violates the Contracts Clause of the United States Constitution and Equal Protection via 42 U.S.C. § 1983," as well as "the substantive protections of the Due Process Clause of the Fourteenth Amendment." *Id.* ¶¶ 93, 101.

Defendants moved to dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Mot. at 1.[1] Plaintiff filed a response in opposition, Dkt. No. 38 ("Response"), and Defendants filed a reply in further support, Dkt. No. 43 ("Reply").

On May 20, 2026, Defendants filed a letter notifying the Court of supplemental authority concerning the Takings Clause and Contracts Clause issues. *See* Dkt. No. 44.

[1] Citations are to the pagination provided in the footer of the parties' filings.

## III. DISCUSSION

### A. Standards of Review

#### 1. Rule 12(b)(1)

"A court faced with a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6) must decide the jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits and, therefore, an exercise of jurisdiction." *Dutrow v. N.Y.S. Gaming Commission*, No. 13-CV-996, 2014 WL 11370355, *3 (E.D.N.Y. July 29, 2014), *aff'd*, 607 Fed. Appx. 56 (2d Cir. 2015) (quoting *Magee v. Nassau Cnty. Med. Ctr.*, 27 F. Supp. 2d 154, 158 (E.D.N.Y. 1998)); *see also Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) (citation omitted) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit ([*i.e.*,] subject-matter jurisdiction)."). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

When subject matter jurisdiction is challenged, a "[p]laintiff[] bear[s] the burden of 'showing by a preponderance of the evidence that subject matter jurisdiction exists.'" *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003) (quoting *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003)). In reviewing a motion to dismiss under Rule 12(b)(1), the Court "must accept as true all material factual allegations in the complaint, but [is] not to draw inferences from the complaint favorable to plaintiffs." *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004) (citation omitted).

**2. Rule 12(b)(6)**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111–12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," FED. R. CIV. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement of relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Ultimately, "when the allegations in a complaint,

however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the [] complaint must be dismissed," *id.* at 570.

**B. Claims Against the State of New York**

Defendants argue that the "State of New York must be dismissed as a defendant in this action because it is not a proper defendant in actions under 42 U.S.C. § 1983," and because the Court "lacks subject matter jurisdiction" as it is not a "person" under Section 1983. Mot. at 8. Plaintiff likewise acknowledges that the State of New York is not a proper party under its Section 1983 claims. *See* Resp. at 4, 20. As such, the Court dismisses Plaintiff's claims as to the State of New York.

**C. Sovereign Immunity**

Pursuant to Rule 12(b)(1), Defendants argue that the Court lacks subject matter jurisdiction as Defendants have sovereign immunity under the Eleventh Amendment to the United States Constitution. *See* Mot. at 5–7. For the reasons discussed below, the Court agrees that it lacks jurisdiction over Plaintiff's claims against Defendants for money damages, as well as declaratory and injunctive relief.

**1. Money Damages**

Plaintiff seeks money damages against Defendants, who Plaintiff sues in their official capacities as officials of the State of New York. *See* Am. Compl. Defendants argue that such a request is “barred by sovereign immunity” under the Eleventh Amendment. Mot. at 5.

Under the Eleventh Amendment, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S.

CONST. AMEND. XI. "The Eleventh Amendment . . . divests the Court of subject matter jurisdiction over any claims for money damages against a state official acting in his or her official capacity unless the state has consented to the suit or waived this immunity or Congress has abrogated it." *Lewis v. Cuomo*, 575 F. Supp. 3d 386, 395 (W.D.N.Y. 2021) (citation omitted).

New York has not consented to suit or waived its Eleventh Amendment immunity. *See Bldg. & Realty Inst. of Westchester & Putnam Ctys., Inc. v. New York,* No. 19-CV-11285, 2021 WL 4198332, at *6 (S.D.N.Y. Sept. 14, 2021), *aff'd*, No. 21-2448, 2024 WL 1061142 (2d Cir. Mar. 12, 2024). Additionally, Congress has not abrogated New York's immunity from the claims asserted in this case. *See Walker v. NYS Justice Center for Protection of People with Special Needs*, 493 F. Supp. 3d 239, 246 (S.D.N.Y. 2020) ("Congress did not abrogate the States' sovereign immunity when it enacted [Section 1983]"); *74 Pinehurst LLC v. New York*, 59 F.4th 557, 570 (2d Cir. 2023) ("We have . . . rejected the argument that the Takings Clause abrogates sovereign immunity"); *Bldg. & Realty Inst. of Westchester & Putnam Ctys., Inc. v. New York*, No. 19-CV-11285, 2021 WL 4198332, *8 (S.D.N.Y. Sept. 14, 2021), *aff'd*, No. 21-2448, 2024 WL 1061142 (2d Cir. Mar. 12, 2024) ("[C]ourts routinely dismiss, on sovereign immunity grounds, due process, equal protection, and Contract Clause claims against the state, state agencies, and agents sued in their official capacities").

Plaintiff argues in his response that "the issue of sovereign immunity is not as clear as the Defendants contend." Dkt. No. 38 at 14. Plaintiff quotes the Supreme Court's decision in *DeVillier v. Texas*, 601 U.S. 285 (2024) and the Eleventh Circuit's decision in *Fulton v. Fulton Cty. Bd. Of Comm'rs*, 148 F.4th 1224 (11th Cir. 2025), to support his argument that "the Takings Clause does directly authorize suit." Dkt. No. 38 at 14. Plaintiff argues that "the State provided no

State administrative remedy in FAPA, but rather unilaterally eliminated an entire class of mortgages and property rights while providing no means of redress or challenge." *Id.* at 11.

In their reply, Defendants argue "there is no basis to conclude that New York's sovereign immunity was abrogated on the basis of a supposed lack of a remedy under state law" because "the New York State Constitution contains its own provision prohibiting the taking of private property without just compensation" and "New York courts [have already] heard (and rejected) [] claims about the alleged unconstitutionality of FAPA . . . ." Dkt. No. 43 at 2.

The Court agrees with Defendants. Plaintiff has not disputed that the claims now being asserted have been litigated in state court. Plaintiff has not persuaded the Court to disregard the conclusion "that 'sovereign immunity trumps the Takings Clause where, as here, the state provides its own remedy for an alleged violation.'" *Bldg. & Realty Inst. of Westchester & Putnam Ctys., Inc. v. New York*, No. 21-2448, 2024 WL 1061142, *6 (2d Cir. Mar. 12, 2024) (summary order) (quoting *Pinehurst*, 59 F.4th at 570). Therefore, sovereign immunity precludes Plaintiff's claims for money damages against Defendants.

**2. Declaratory and Injunctive Relief**

Defendants also argue that sovereign immunity bars Plaintiff's requests for declaratory and injunctive relief. *See* Mot. at 5–7. Plaintiff counters that an exception applies to sovereign immunity under the doctrine of *Ex parte Young*, 209 U.S. 123 (1908), allowing it to sue Defendants "in their official capacity for prospective injunctive relief to stop ongoing violations of federal law." Resp. at 19. Defendants contend that Plaintiff's requests are "retrospective in nature" and not prospective, and that therefore the doctrine of *Ex parte Young* does not apply. Mot. at 5–7; Reply at 4.

The *Ex parte Young* exception applies where "the complaint (1) alleges an ongoing violation of federal law; and (2) seeks relief properly characterized as prospective." *T.W. v. New York State Bd. of L. Examiners*, 110 F.4th 71, 91 (2d Cir. 2024) (citations omitted). Here, Plaintiff notes that it seeks to "prevent (or enjoin) further takings or stripping away of vested property interests." Resp. at 19. Plaintiff seeks relief in the form of enjoining Defendants from "continuing any actions in violation of the U.S. Constitution or applicable law." Am. Compl. at 23. Additionally, Plaintiff alleges that Defendants' actions "will continue to injure Class Plaintiff and others similarly situated to the benefit of those holding junior property interests to Class Plaintiff." *Id.* ¶ 80.

To the extent Plaintiff seeks declaratory and injunctive relief for past conduct, those claims are dismissed. But, Plaintiff also arguably seeks prospective declaratory and injunctive relief. Read generously, enforcement of FAPA in the future may impact the proposed subclass of "members who may be . . . stripped of their rights to enforce their mortgage interests." *Id.* ¶ 56. "[W]here there is a threat of future enforcement that may be remedied by prospective relief, the ongoing and continuous requirement has been satisfied." *Doe v. Annucci*, No. 14-CV-2953, 2015 WL 4393012, at *16 (S.D.N.Y. July 15, 2015) (quoting *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1338 (11th Cir. 1999)).

However, assuming that Plaintiff properly characterized the relief sought as prospective, Plaintiff fails to allege that Governor Hochul and Senator Sanders "have some connection with the enforcement of the act" beyond introducing and signing the legislation itself. *Ex parte Young*, 209 U.S. at 157. Such acts by Defendants are insufficient for showing a connection to FAPA's enforcement. *See, e.g.*, *Nassau & Suffolk Cnty. Taxi Owners Ass'n, Inc. v. State*, 336 F. Supp. 3d 50, 69 (E.D.N.Y. 2018) ("Governor Cuomo . . . is not referenced in his capacity as Governor

anywhere in the statute, and it does not appear that his office has any particular enforcement authority [under the statute]. Nor does [plaintiff] state how the Governor is connected to [the statute] beyond having signed the legislation into law"). "Connection with the enforcement of an act that is a continuing violation of federal law 'includes both a particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty.'" *Jeannot v. New York State*, 762 F. Supp. 3d 217, 233–34 (E.D.N.Y. 2025) (quoting *Citizens Union of City of New York v. Att'y Gen. of New York*, No. 16-CV-9592, 2017 WL 2984167, *4 (S.D.N.Y. June 23, 2017)). Without such a connection, Plaintiff "is merely making [them] a party as a representative of the state, and thereby attempting to make the state a party." *Ex parte Young*, 209 U.S. at 157.

Accordingly, the Court finds that Governor Hochul and Senator Sanders are not proper defendants under *Ex parte Young*. Plaintiff's claims against them are therefore barred by the Eleventh Amendment, and those claims are dismissed.[2] Regardless, as explained below in determining whether amendment would be futile, Plaintiff is unable to state a claim.

**D. Leave to Amend**

Plaintiff requests the ability to amend its claims to "clarify that the State of New York is not a direct defendant," to "join the Attorney General of the State of New York as a part[y]," and to "add a pendant state law claim for an inverse condemnation under the New York State Constitution." Resp. at 4, 23. Defendants argue that Plaintiff should not be granted leave to amend

---

[2] Defendants also argue that Senator Sanders is shielded from Plaintiff's claims by legislative immunity. *See* Mot. at 7–8. As the Court has dismissed claims against Senator Sanders under Rule 12(b)(1), it need not consider Defendants' arguments for dismissal under the doctrine of legislative immunity. *See State Emps. Bargaining Agent Coal. v. Rowland*, 494 F.3d 71, 77 n.4 (2d Cir. 2007) (finding that motions to dismiss claims on legislative immunity grounds are construed under Rule 12(b)(6)).

because Plaintiff's request "does not follow the procedures under Local Rule 15.1" and because amendment would be futile. Reply at 5–6.

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). However, the Court agrees that amendment would be futile. *See Chacko v. Off. of New York State Comptroller*, No. 20-CV-10697, 2021 WL 5605063, at *7 (S.D.N.Y. Nov. 30, 2021) (denying leave to amend where amendment would be futile). If the Court permitted amendment as Plaintiff seeks, the purported claims against the Attorney General of the State of New York, just like the claims against Governor Hochul and Senator Sanders, would be dismissed due to a lack of connection with the enforcement of the act. *See, e.g.*, *Goldstein v. Hochul*, 680 F. Supp. 3d 370, 385 (S.D.N.Y. 2023) ("Similarly, the Attorney General's general duty to enforce the laws is not sufficient to make her a proper party in a suit challenging a state statute").

In any event, even assuming *arguendo* that Plaintiff alleged a sufficient connection for the Attorney General, or other Defendants to be named, and none were protected by any immunities, Plaintiff's claims would likely fail under Rule 12(b)(6).

Defendants' motion to dismiss was fully brief on March 6, 2026, when Defendants filed their reply. *See* Dkt. No. 43. As Defendants indicated in their notice of supplemental authority, *see* Dkt. No. 44, on May 13, 2026, the Second Circuit decided *Article 13 LLC v. Ponce De Leon Fed. Bank*, 175 F.4th 397 (2d Cir. 2026), which concerns similar issues to those presently before the Court. In *Article 13*, the Second Circuit explained that upon certification of specific questions, the New York Court of Appeals "concluded that FAPA's retroactive application did not violate U.S. Bank's due process rights under the New York Constitution." *Article 13*, 175 F.4th at 405 (citing *Article 13 LLC v. Ponce De Leon Fed. Bank*, 45 N.Y.3d 441, 454 (2025)). The

Second Circuit was then left to address "whether retroactive application of § 7 of FAPA violates the right to substantive and procedural due process, the Contracts Clause, and the Takings Clause under the U.S. Constitution." *Id.* at 406. The Second Circuit "conclude[d] that it does not." *Id.* Indeed, the Second Circuit expressly rejected the arguments that (1) "FAPA violates the Contracts Clause because it 'destroy[s]'" a property contract or (2) FAPA interferes with a property interest as required for a Takings Clause claim. *See id.* at 409-11. Those are the precise allegations raised by Plaintiff. *See* Am. Compl. As such, the Second Circuit's decision makes amendment futile. The Court denies Plaintiff's request for leave to amend.

## IV. CONCLUSION

After carefully reviewing the record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motion to dismiss (Dkt. No. 33) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's Amended Complaint (Dkt. No. 18) is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of the Memorandum–Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 8, 2026
Albany, New York

Mae A. D'Agostino
U.S. District Judge